## CARL HAGENBECK AND GREAT WALLACE SHOWS COMPANY *v.* LEPPERT.

[No. 9,911. Filed November 2, 1917. Rehearing denied December 19, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation.—Injury Arising Out of and in Course of Employment.*—In a proceedings for compensation under the Workmen's Compensation Act (Acts 1915 p. 392), evidence that claimant, a circus employe, while engaged in driving a team used in hauling equipment from the show ground to the railroad, temporarily left the team in care of a fellow workman and went to a sleeping car to get a drink of water, and that, while returning to his duties, was run down and injured by one of defendant's cars, is sufficient to warrant the finding that the injury arose out of and in the course of the employment. p. 264.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Power of Legislature.*—The legislature had the power to rest the plan of the Workmen's Compensation Act (Acts 1915 p. 392), on a contractual basis, and to provide that every contract of service made by those coming within the act should be subject to its terms and provisions. p. 265.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Acceptance.*—Acceptance of the Workmen's Compensation Act (Acts 1915 p. 392) is not compulsory, but voluntary. p. 266.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.—Acceptance.—Presumption.—Provisions of Act as Part of Con-*

Carl Hagenbeck, etc., Shows Co. *v.* Leppert—66 Ind. App. 261.

*tract of Service.*—On an appeal from an award of compensation under the Workmen's Compensation Act (Acts 1915 p. 392), where there is nothing in the record to indicate or suggest that either party gave notice of exemption as provided in §3, it will be conclusively presumed that they accepted the provisions of the act, and every provision thereof becomes a part of the contract of service.    p. 266.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury Out of State.—Right to Compensation.*—Under §20 of the Workmen's Compensation Act (Acts 1915 p. 392), providing that every employer and employe, except as provided in §19, shall be bound by the provisions of the act whether the injury occurs within the state or in some other state or foreign country, the employe's right to compensation, being contractual, accompanies the employe wherever he goes until the contract of service is terminated. p. 267.

6. CONTRACTS.—*Construction.—Law Governing.*—The statutes of the state where a contract is made, which are in force at the time and applicable, become a part of the contract and must be read into it, except where the contract discloses an intention to depart therefrom.    p. 267.

7. STATUTES.—*Construction.—Conflicting Provisions.*—Where the provisions of a statute conflict, it· is the duty of the courts to reconcile them, if possible, so as to sustain the act and carry out its purposes.    p. 268.

8. MASTER AND SERVANT.—*Workmen's Compensation Act.—Construction.—Injury Outside of State.—Conflicting Provisions.*— The provision of §20 of the Workmen's Compensation Act (Acts 1915 p. 392), bringing within the statute cases in which the injuries are received outside the state, can be defeated only by other words within the act which are equally plain, unmistakable and rigid.    p. 268.

9. MASTER AND SERVANT.—*Workmen's Compensation Act.—Procedure.*—Under the Workmen's Compensation Act (Acts 1915 p. 392), providing that the Industrial Board shall prescribe its own procedure, the rules of procedure prescribed in the Civil Code are not available in matters before the board.    p. 269.

10. EVIDENCE.—*Judicial Notice.—Rules of Industrial Board.—Plea in Abatement.*—The court on appeal cannot take judicial knowledge of the rules of procedure prescribed by the Industrial Board, so that error assigned on the overruling of a plea in abatement presents no question for review, where no rule permitting the filing of such a plea has been brought into the record.    p. 269.

From the Industrial Board of Indiana.

Proceedings for compensation under the Work-men's Compensation Act by John Leppert against the Carl Hagenbeck and Great Wallace Shows Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Walter Myers, Robert A. Adams* and *H. B. Alexander,* for appellant.

*P. J. Lauck,* for appellee.

DAUSMAN, J.—Appellant is a corporation organized and existing under and by virtue of the laws of the State of Indiana, and is engaged in the business of conducting a show. Appellee is a resident of the city of Indianapolis, said state, and at the time of the action hereinafter referred to he was nineteen years of age. On July 31, 1916, appellee was employed by appellant, his work to be that of a hostler. The contract of employment was made at Indianapolis, and at the time of making the contract both parties were, and ever since have been, inhabitants of said state. The show proceeded westwardly, and appellee accompanied it as such employe. On August 7, 1916, the show was in Joliet, Illinois. Appellee began work at five o'clock on the morning of that day and remained on duty continuously until injured as hereinafter stated. About eight p. m. he was driving a team and was engaged in hauling equipment from the show ground to the railroad and in loading cars. He continued in this work until about an hour after midnight, when he temporarily left his team in care of a fellow workman and "went to the sleeping car to go to the toilet and get a drink of water." The sleeping car was standing on a track a short distance from where he left his team. There were a number of tracks there and a switch engine was engaged in

264 APPELLATE COURT OF INDIANA,

Carl Hagenbeck, etc., Shows Co. *v.* Leppert—66 Ind. App. 261.

switching. While crossing one of these tracks on his way back to his team he was knocked down by one of appellant's moving cars, which ran over his right arm. He was taken to a local hospital, and his arm was amputated below the elbow.

On October 20, 1916, appellee filed with the Industrial Board his petition for an award, and a hearing was held before the Hon. Samuel R. Artman, a member of said board. Appellant filed special answers and made a defense on the merits. A finding and an award were made by said member. Appellant procured a review and thereupon the full board found, among other things, that appellee's injury resulted from an accident arising out of and in the course of his employment, and awarded him compensation. Under the provisions of §§ 43 and 44 Workmen's Compensation Act, Acts 1915 p. 392, the board ordered the commuted value of the award to be paid in a lump sum to a trustee to be appointed by the circuit or superior court of Marion county, Indiana.

The only error assigned which this court can recognize is that the award is contrary to law. By the most liberal construction of appellant's brief it may be said that two propositions are presented in support of said assignment: (1) The evidence does not warrant the finding that the injury by accident arose out of and in the course of the employment; and (2) the evidence shows that appellee received his injury outside the State of Indiana.

(1) We must decide against appellant on its first contention. *Holland, etc., Sugar Co. v. Shraluka* (1917), 64 Ind. App. 545, 116 N. E. 330.

(2) The ultimate purpose of the Workmen's Compensation Act, *supra,* is, of course, to promote the

welfare of the state.  To attain that end the 2. legislature adopted a comprehensive plan which provides "compensation for personal injury or death by accident arising out of and in the course of the employment," excepting only where the injury or death is due to the workman's wilful misconduct.  Among its beneficent purposes are these: to furnish relief to such injured workmen as would otherwise be without remedy—as a matter of justice rather than charity; to shield employers from vexatious, costly, and hazardous litigation; and ultimately to put the burden, if any, on the public where it rightfully belongs.  That the legislature had the power to rest this plan on a contractual basis, and to provide that every contract of service made by those who come within the act shall be subject to the terms and provisions thereof, there can be no doubt.  Whether the legislature exercised that power must be determined from the act itself.  The legislative intent as to this point is manifested by the following provisions of the act:

"Sec. 2.  From and after the taking effect of this act, every employer and every employe, except as herein stated, shall be presumed to have accepted the provisions of this act respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby; unless he shall have given, prior to any accident resulting in injury or death, notice to the contrary in the manner herein provided.

"Sec. 4.  Every contract of service between any employer and employe covered by this act, written or implied, now in operation or made or implied prior to the taking effect of this act, shall, after the

266 APPELLATE COURT OF INDIANA,

Carl Hagenbeck, etc., Shows Co. *v.* Leppert—66 Ind. App. 261.

act has taken effect, be presumed to continue: and every such contract made subsequent to the taking effect of this act shall be presumed to have been made subject to the provisions of this act; unless either party shall give notice, as provided in section 3, to the other party to such contract that the provisions of this act other than sections 10, 11 and 67 are not intended to apply.

"A like presumption shall exist equally in the case of all minors unless notice of the same character be given by or to the parent or guardian of the minor.

"Sec. 6. The rights and remedies herein granted to an employe subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employe, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury or death.

"Sec. 20. Every employer and employe under this act, except as provided in section 19, shall be bound by the provisions of the act whether injury by accident or death resulting from such injury occurs within the state or in some other state or in a foreign country."

The language of the foregoing sections is clear and definite. The acceptance of the act is not compulsory, but voluntary. There is nothing in the record to indicate or even suggest that either party gave notice of exemption as provided in §3; and it is therefore conclusively presumed that they accepted the provisions of the act. Having elected to accept the act, every provision thereof became a part of the contract of service. By the terms of the statute the element of tort is eliminated; all remedies at common law or otherwise

are excluded; and the employe's right to compensation arises out of the contract. This right, being contractual, accompanies the employe wherever he goes and abides with him until the contract of service is terminated. "The place where the accident occurs," said the Supreme Court of New Jersey, "is of no more relevance than is the place of accident to the assured in an action on a contract of accident insurance, or the place of death of the assured in an action on a contract of life insurance." *Rounsaville* v. *Central R. Co.* (1915), 87 N. J. Law 371, 94 Atlantic 392. This would be true under the general rule that the statutes of the state where a contract is made, which statutes are in force at the time and applicable thereto, become a part of the contract and must be read into it, except where the contract discloses an intention to depart therefrom. 6 R. C. L. 855; *Rounsaville* v. *Central R. Co., supra; In re Post* v. *Burger & Gohlke* (1916), 216 N. Y. 544, 111 N. E. 351, Ann. Cas. 1916B 158; *Kennerson* v. *Thames Towboat Co.* (1915), 89 Conn. 367, 94 Atl. 372, L. R. A. 1916A 436. Our statute renders inoperative any contractual provision in contravention of its terms (§15, *supra*); and in the case at bar there was no attempt to contract against any provision of the act. When, therefore, §20 of this act, *supra,* is read into the contract we have an unmistakable agreement of the parties to be bound by the provisions of the act whether the "injury occurs within the state or in some other state or in a foreign country."

Appellant contends, however, that said §20 is overcome by the following sections which, it claims, evidence an intention that the act, *supra,* shall not apply

to cases where the injury is received outside the state: §27, which provides that the employe may be required to submit himself to an examination by a duly qualified physician or surgeon; §44, which provides for the appointment of a trustee by the circuit or superior court to administer commuted awards; §54, which provides that the board or any member thereof may hold sessions at any place within the state; §55, which provides that the county sheriff shall serve all subpoenas and the circuit or superior court shall enforce the attendance of witnesses; §58, which provides that the hearing shall be held in the county where the injury occurred; and §62, which provides that a judgment may be obtained on an award by filing the award in the circuit or superior court of the county in which the injury occurred.

We do not deem it necessary to enter upon an extended discussion of these latter sections. For the purposes of the case at bar it is sufficient to 7. say that where the provisions of a statute apparently conflict it is the duty of the courts to reconcile them, if possible, so as to sustain the act and carry out its purposes. We are of the opinion that the provisions of each and all of said latter sections can be harmonized with the preceding sections without violating the established rules of statutory construction. But the time to do this in detail will be when a case is before us which directly involves their application. Their provisions are of such a nature that they should not be held to be mandatory where to do so would defeat the primary purpose of the act. The provision of §20, which brings 8. within the statute cases in which the injuries are received outside the state, can be defeated only by other words within the statute which are

equally plain, unmistakable, and rigid. *Kennerson* v. *Thames Towboat Co., supra.*

(2) We deem it advisable to state that we have not considered the assignment of error that "the commission (board) erred in overruling appellant's amended plea in abatement," for the following reason: The rules of procedure prescribed in the Civil Code are not available in matters before the Industrial Board. The Workmen's Compensation Act, *supra,* provides that the board shall prescribe its own procedure. We cannot take judicial knowledge of the rules of the board. No rule permitting the filing of pleas in abatement has been brought into the record, and therefore that assignment presents nothing for our consideration.

The award of the Industrial Board is affirmed, and by virtue of the statute (Acts 1917 p. 154) the award is increased five per cent.

Note.—Reported in 117 N. E. 531. Workmen's compensation: accidents deemed to arise out of and in the course of the employment, see note *ante* 261; right to and effect of election with respect to acceptance of provisions of act, Ann. Cas. 1915C 308, 1918B 715; applicability of act to injury received in another jurisdiction, Ann. Cas. 1914D 377, 1916B 162, 1918B 625.