Hagenback, etc., Show Co. *v.* Randall—75 Ind. App. 417.

---

CARL HAGENBACK AND GREAT WALLACE SHOW COMPANY *v.* RANDALL.

[No. 10,674. Filed March 12, 1920. Rehearing denied May 25, 1920. Transfer denied April 26, 1921.]

1. CONTRACTS.—*Contracts Violating Public Policy.—Validity.—Comity.*—The public policy of a state is supreme, and, when once established, will not, as a rule, be relaxed even on the ground of comity to enforce contracts which, though valid where made, contravene such policy. p. 421.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Applicability.—Foreign Contract Exempting Employer from Pay-*

*ment of Compensation.—Recovery by Injured Employe.*—Where a circus company, an Indiana corporation, gave no notice of nonacceptance of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), under §§2-4, 15 of the act, it could not escape payment of compensation for the death of an employe resulting from injuries sustained in the course of his employment while working in the state even though the contract of employment made in another state provided that the rights and liabilities of the parties should be governed by the laws of the District of Columbia, since the employer could not relieve itself of the statutory obligation to pay compensation by a foreign contract; the employer's obligation under the Workmen's Compensation Act being superimposed upon such foreign contract of employment as a condition of its performance in this state.  p. 421.

3.   CONSTITUTIONAL LAW.—*Award Under Workmen's Compensation Act.—Impairment of Contract.—Appropriation of Property Without Due Process.—Denial of Equal Protection of Laws.*— Where a contract of employment made in another state provided that the rights and liabilities of the parties should be governed by the laws of the District of Columbia, an award of compensation by the Industrial Board of Indiana under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) for the death of an employe from injuries received in this state in the course of his employment did not impair the obligations of such contract in violation of §10, Art. 1 of the Constitution of the United States, or deprive the employer of property without due process, or deny it the equal protection of the law, in violation of the Fourteenth Amendment to the federal Constitution.  p. 423.

4.   CONSTITUTIONAL   LAW.—*Constitutional   Guarantees.—Public Welfare.*—The rights guaranteed by §10, Art. 1 of the Constitution of the United States, prohibiting impairment of the obligations of contract, and by the Fourteenth Amendment, prohibiting the taking of property without due process of law and denial of equal protection of law, are subservient to the public welfare.  p. 424.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Harriett Randall against the Carl Hagenback and Great Wallace Show Company.  From an award for applicant, the defendant appeals.  *Affirmed.*

*Samuel D. Miller, Frank C. Dailey, William H. Thompson, S. S. Miller, A. L. Rabb* and *Arthur McCart,* for appellant.

*Fred Barnett* and *A. M. Keene,* for appellee.

REMY, P. J.—The findings of the Industrial Board which are material to a proper determination of the questions presented on this appeal are: Appellant is an Indiana corporation with its principal offices in the city of Indianapolis, and at all times since its organization has been engaged in the business of conducting a show. Appellee is the sole dependent of Harry Vincent Randall who lost his life, while in the employ of appellant. Randall's contract of employment with appellant which was verbally made with appellant in West Baden, Indiana, was reduced to writing and executed in the State of Ohio, April 26, 1918, and among other things provided:

"It is understood and contemplated by the parties hereto that performance under this contract shall embrace services and travel in and through the several and various states of the U. S. A. and the Dominion of Canada, the extent thereof not being definitely ascertained. It is known and understood by the parties hereto that the laws of the said several states regarding the validity and interpretation of contracts with release of this nature lack uniformity, and that a few states have enacted Employers' Liability Acts. Now, therefore, acting in good faith and for the purpose of giving force and validity to this contract and release in all parts and at all times and places, it is mutually agreed between the parties hereto that the place of the contract and release, its status or forum, is the District of Columbia, or according to the laws thereof, if construed or litigated elsewhere, shall all matters whether sounding or in tort, relating to its validity, construction, and interpretation be determined to the same extent as if its execution, performance, or cause of action thereon or growing out of the same, actually took place or arose in said District of Columbia."

The contract did not stipulate the character of the services to be performed by Randall; but the services actually rendered by him, consisted in the operation and care of what was termed a "privilege car," in which he sold food and soft drinks; and in which, and for and on behalf of appellant, he conducted games of chance, and received for his services in conducting such games a per cent. of the rake-off, which was in addition to the wages paid him in accordance with the terms of his written agreement. On June 21, 1918, appellant show company gave an exhibition in the city of Michigan City, Indiana, and was planning to give an exhibition on the following day in the city of Hammond in said state; that at an early hour on June 22, 1918, while appellant's show and show train were being transported over the Michigan Central Railroad from the city of Michigan City to the city of Hammond, and while in Lake county, Indiana, and while Randall was "in the course of his employment under the lawful written contract," the "privilege car" occupied by him, together with many other cars of appellant's train of cars carrying appellant's show, was wrecked, causing bodily injuries to Randall, resulting in his death on June 26, 1918. From an award of the Industrial Board, appellant show company appeals. Appellant assigns as errors that the award is not sustained by sufficient evidence, and is contrary to law.

The chief contention of appellant is that the Industrial Board has no jurisdiction over the subject-matter of this controversy, for the reason that the contract of employment was made in the State of Ohio, and by the express terms of the contract the parties in good faith stipulated that the laws of the District of Columbia should govern the validity and construction of the contract.

As shown by the finding, appellant is not only an In-

diana corporation, but at the time in question was an Indiana business. Its show required the operation of a train, one of the cars of which train was in charge of Randall. It was contemplated by the parties, when they executed the contract in Ohio, that some time during the season the show train would return to, and be operated in Indiana. Therefore, the important question for our consideration is: Can an Indiana corporation with its principal offices in this state, but which carries on its business not only in Indiana, but elsewhere, and which is not engaged in interstate commerce, make a contract with an employe in the State of Ohio to do work in many states, including Indiana, and by the terms of such contract relieve itself of all obligations under the Indiana Workmen's Compensation Act (Acts 1915, p. 392, §80201 *et seq.* Burns' Supp. 1918) if such employe should be injured or killed in the State of Indiana, while at work pursuant to the terms of such contract?

By the Workmen's Compensation Act of 1915, the State of Indiana made sweeping changes in its laws relative to the rights and duties of the parties under an employment contract. A new public policy for the state was established; and it is a settled principle of the law that the public policy of a state is supreme, and when once established will not, as a rule, be relaxed even on the ground of comity to enforce contracts which, though valid where made, contravene such policy. *Lake Shore, etc., R. Co.* v. *Teeters* (1906), 166 Ind. 335, 77 N. E. 599, 5 L. R. A. (N. S.) 425; 5 R. C. L. 944, and cases there cited.

The Workmen's Compensation Act of this state (§§2, 3, 4, and 15, Acts 1915 p. 392, §80201, *supra*) specifically provides that every employer in the state is presumed to have accepted the provisions of the act, and to have agreed to be bound thereby, unless

such employer, thirty days before the accident resulting in injury or death, shall have given notice of exemption, and that no contract can operate to relieve any employer of any obligation created by the act. It is not contended that appellant gave the required notice, or any notice whatever. Appellant's show and show train were brought into Indiana, and appellant's business was being conducted in Indiana, just as had been contemplated by the parties at the time the employment contract in question was executed, and Randall, at the time of his death, was in the line of his employment as provided by such contract. Under such circumstances the public policy of Indiana as established by her compensation law did not give way because the contract of employment had been made in Ohio. Appellant's obligation under the Indiana act was superimposed upon the Ohio contract as a condition of its performance in this state. Appellant could not relieve itself of the statutory obligation by a foreign contract. The one way of exemption was by notice as provided by the act.

Substantially the same question presented by this appeal was decided by the Supreme Court of New Jersey in the case of *American Radiator Co.* v. *Rogge* (1914), 86 N. J. Law 436, 92 Atl. 85. In that case the contract of employment was made in New York. The work of the employe was to be done partly in New York and partly in New Jersey. The employe died in New Jersey as a result of injuries received while about the work he was employed to do in that state. The court held that the employe was entitled to compensation under the laws of New Jersey. In passing upon the case, the court said: "The contention of the prosecutor is that as the relation is contractual, the contract must be governed by the law of New York, where it was made, and as that law at the time contained no provision for compensation, there can be no recovery. We think the

answer to the prosecutor's contention is that the right of recovery rests not upon the New York contract but upon the New Jersey statute. * * *. We find no evidence * * * of any term in the New York contract that prohibits the applicability of the New Jersey statute. If there were, the parties could not by their agreement prevent New Jersey from regulating the conduct of its own industries and from prescribing as one of the terms upon which the performance of a foreign contract of hiring shall be permitted in this state, the implication by law of a contract for compensation to the workman. It is open to the employer under a New York contract to prevent the operation of section 2 if he wishes by notice; if he fails to give the notice, and undertakes to perform the contract in New Jersey, he voluntarily subjects himself to our law and is governed thereby."

The provisions of the Workmen's Compensation Act of New Jersey (Laws 1911, p. 134) cited by the court of that state as controlling, do not materially differ from the provisions of the Indiana law to which we refer in this opinion. The reasoning of the New Jersey Supreme Court in that part of the opinion which we have quoted is sound, and so far as applicable to the case at bar is approved. We therefore hold that the cause is governed by the Indiana Workmen's Compensation Act. In addition to the Rogge case above cited, see *Davidheiser* v. *Hay Foundry & Iron Works* (1915), 87 N. J. Law 688, 94 Atl. 309; *Johnson* v. *Nelson* (1915), 128 Minn. 158, 150 N. W. 620.

Appellant does not attack the constitutionality of the Workmen's Compensation Act, but in its brief asserts that the award by the Industrial Board in this

3. cause amounts to an impairment of appellant's said contract of employment with Randall, in violation of §10, Art. 1 of the Constitution of the United

States, and that it deprives appellant of property, and denies it the equal protection of the laws, in violation of the Fourteenth Amendment of said Constitution. It is sufficient to say in response to this complaint, that the constitutional prohibitions referred to do not extend to subjects affecting the general welfare of the public, and that the rights guaranteed by such

4. constitutional provisions are subservient to the public welfare. *Grand Trunk, etc., R. Co.* v. *City of South Bend* (1909), 174 Ind. 203, 89 N. E. 885, 91 N. E. 809, 36 L. R. A. (N. S.) 850; *State* v. *Richcreek* (1906), 167 Ind. 217, 77 N. E. 1085, 5 L. R. A. (N. S.) 874, 119 Am. St. 491, 10 Ann. Cas. 879; *Bemis* v. *Guirl Drainage Co.* (1914), 182 Ind. 36, 105 N. E. 496; *Chicago, etc., Pacific Co.* v. *Anderson* (1914), 182 Ind. 140, 105 N. E. 49, Ann. Cas. 1917A 182; *Matter of Jensen* v. *Southern R. Co.* (1915), 215 N. Y. 514, 109 N. E. 600, L. R. A. 1916A 403, Ann. Cas. 1916B 276; *Hunter* v. *Colfax, etc., Coal Co.* (1915), 175 Ia. 245, 54 N. W. 1037, 157 N. W. 145, L. R. A. 1917B 15, Ann. Cas. 1917E 803; 12 C. J. 1157, 1197.

The Industrial Board, among other things, found that appellee's son was not performing services under the unlawful gambling contract at the time he received the injuries resulting in his death, but was in the course of his employment under the lawful written contract. There is therefore no merit in the contention of appellant that the award is contrary to law as giving to appellee the benefits of an illegal contract. *Interstate Iron & Steel Co.* v. *Szot* (1917), 64 Ind. App. 173, 115 N. E. 599.

Affirmed.