## DARSCH v. THEARLE DUFFIELD FIRE WORKS DISPLAY COMPANY.

[No. 11,241.   Filed January 11, 1922.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Industrial Board.—Statutory Origin of Powers.*—The Industrial Board is a creature of statute, and can exercise only such powers as are conferred thereby. p. 360.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Contracts of Employment between Nonresidents.—Jurisdiction of*

Darsch *v.* Thearle Duffield, etc., Co.—77 Ind. App. 357.

*Industrial Board.*—The Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp 1918) has no application to an injury to a nonresident employe working temporarily within the state under contract of employment entered into in another state by a nonresident corporation with its office in that state. p. 360.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Arnold Darsch against the Thearle Duffield Fire Works Display Company. From an order denying claimant compensation, he appeals. *Affirmed.*

*James L. Murray,* for appellant.
*Othniel Hitch,* for appellee.

ENLOE, J.—On June 1, 1921, the appellant filed his application with the Industrial Board asking for an adjustment of compensation as against the appellee herein, stating in said application that the place of business of appellee was 36 South State street, Chicago, Ill. A copy of appellant's application together with a notice that a hearing would be had thereon at the State House, Indianapolis, Marion county, Indiana, on June 13, 1921, at ten o'clock a.m. was at once sent by mail to appellee at its said office in Chicago, Illinois.

On the day and at the time set for the hearing of said cause the appellee appeared by one Maher, its secretary, and also by counsel, and moved to dismiss the proceedings because of want of jurisdiction, and stated as grounds therefor that both of the parties hereto were residents of the State of Illinois; that the contract of employment between the parties was entered into in the State of Illinois; that appellant was an Illinois corporation and had no office or place of business in the State of Indiana; and that the appellant, at the time he was injured, was only temporarily employed in Indiana.

This motion to dismiss the proceedings was in effect

overruled by the one member of the board who heard the cause, and an award made to appellant. Thereafter in due time the appellee by its attorney asked for a review of the proceedings herein by the full Industrial Board, which was duly had on July 11, 1921, at which time additional evidence was heard. On July 13, 1921, the full board made its finding as follows:

"That on the 9th day of June, 1920, the plaintiff was in the employment of the defendant at an average weekly wage in excess of $24.00; that on said date he received an injury by reason of an accident arising out of and in the course of his employment of which the defendant had actual knowledge at the time; that said injury resulted in the permanent reduction of the sight of plaintiff's right eye to one-tenth, normal vision with glasses; that at the time of the plaintiff's injury the defendant was a resident of Illinois, was domiciled therein and transacted its business from said state; that at said time the plaintiff was also a resident of Illinois; that he was working for the defendant under a contract of employment made in said state and at the time was only temporarily in the State of Indiana engaged in performing work for the defendant under his contract of employment made in Illinois; that at said time the defendant had not localized itself or established any place of business in the State of Indiana;   *   *   *."

Upon the facts thus found the board concluded that it had no jurisdiction of the cause and dismissed the appellant's claim, from which order of dismissal this appeal is prosecuted.

Under this record the question arises: Did the Industrial Board have any jurisdiction over the subject-matter in this cause, i.e., does the compensation law of this state enter into and become a part of a contract of employment, entered into between citizens residing in a foreign state or nation, if the employe in such contract

should happen to come temporarily into this state, in the performance of his duties, under such contract of employment?

The Industrial Board of Indiana is purely a creation of our statute, brought into existence by legislative will. Being such, it is elemental that it can have and exercise only such powers as are conferred upon it by its creator, the legislature of this state. Primarily the board was created to administer the Workmen's Compensation Act of this state, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, as between those persons subject to the provisions of said law. The second section of said act, *supra,* provides:

"From and after the taking effect of this Act every employer and every employe, except as herein stated, shall be presumed to have accepted the provisions of this Act respectively to pay and accept compensation for personal injury or death by accident, arising out of and in the course of the employment, and shall be bound thereby;  *  *  *."

The fourth section of said act, *supra,* provides:

"*  *  *; and every such contract made subsequent to the taking effect of this Act shall be presumed to have been made subject to the provisions of this Act;  *  *  *."

The State of Indiana cannot regulate the conduct of citizens of foreign states. Its laws are of binding force and effect only upon persons within this state, and the language of said section as to employers and employes who shall be deemed to have accepted its provisions, manifestly was intended only to apply to such persons as were residents of this state and made their contracts of employment here, or made such contract with reference to their performance, at least in part, within this state, or, maintained an office and place for doing business within this state. To give to the act in question

the force and effect contended for by appellant, and to so construe the same that it would apply to the parties hereto and to their said contract of employment, would, to our minds render said act of doubtful validity, and such a construction will therefore be avoided whenever reasonably possible.

The case of *Douthwright* v. *Champlin* (1917), 91 Conn. 524, 100 Atl. 97, cited and relied upon by appellant, when carefully read, is not analogous to the instant case, as it appears in that case that both the employer and employe had recognized the applicability of the statute of Connecticut, the court saying:

"Both the claimant and the respondent have accepted part B. of chapter 138, P. A., 1913, and Champlin had insured his full liability in insurance companies authorized to take such risks."

Under the facts of this case the Industrial Board was without jurisdiction to make an award to appellant, and its action in dismissing said application, is affirmed.