## JOHNS-MANVILLE, INCORPORATED, *v.* THRANE ET AL.

[No. 11,760.    Filed October 26, 1923.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Contracts of Employment.—Creation of Relation.—Statute.*—The rights and duties provided for by the Workmen's Compensation Act (Acts 1915 p. 392, §8020l Burns' Supp. 1921) as between employer and employe are contractual, and the provisions of the act are binding only as a part of the contract of employment or made in contemplation of performance in this state.    p. 434.

2. CONTRACTS.— *Law of Forum.— Performance.—* A contract made in one state in contemplation of performance in another is subject to the law of the state in which it is to be performed. p. 434.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Contracts of Employment.— Foreign State Contracts.— Law of Forum.—Statute.*—A contract of employment made in a foreign state to be performed in this state is in effect a contract of this state and subject to the Workmen's Compensation Act (Acts 1915 p. 392, §8020l Burns' Supp. 1921), and an employe under such contract, though his permanent residence is elsewhere, is an employe of this state.    p. 434.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Contract of Employment.— Foreign Employer.— Performance in This State.—Statute.*—When an employe resided in a foreign state and was first employed to work in that state at a fixed salary and nothing said about working in this state, but was later sent to this state, where he worked under a local foreman and in addition to his wages he was furnished room and board, *held* the contract under which he was working in this state was different from that of place of former employment, and whether made in that state or this state, was made in contemplation of performance in this state and as such was subject to the Workmen's Compensation Act (Acts 1915 p. 392, §8020l Burns' Supp. 1921) of this state.    p. 435.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Lillie Thrane and others against Johns-Manville Company, Incorporated. From an award for claimant, the defendant appeals. *Affirmed.*

*Turner, Adams, Merrell & Locke* and *Paul E. Beam,* for appellant.

*Fred Barnett* and *I. Wesley Baker,* for appellees.

NICHOLS, J.—Appeal from an award of the Industrial Board in a proceeding by appellees under the provisions of the Indiana Workmen's Compensation Act, (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) in which appellees made claim for compensation on account of fatal injury by accident sustained on November 29, 1922, by one Eric Thrane, upon whom appellees were wholly dependent.

Appellant resisted said claim and at the hearing moved that it be dismissed upon the ground that the Industrial Board of Indiana does not have jurisdiction, because the deceased was a resident of Illinois and the contract of employment between him and appellant was entered into in that state, that at the time of the alleged fatal injuries he was working under such contract of employment, and at the time was only temporarily in Indiana, engaged in performing work for the appellant. The motion to dismiss was overruled and there was an award in favor of appellee. These rulings of the Industrial Board are assigned as error and no other question is presented for our consideration.

The Industrial Board found, with other facts, that at the time of the fatal accident, said Thrane was an Indiana employe, and appellant was an Indiana employer; that appellant was a foreign corporation organized and existing under the laws of New York, but that at the time of the injury, and prior thereto, appellant was localized in this state for the purpose of conducting its business and had complied with the statutes of this state regulating the admission of foreign corporations into the state for the purpose of conducting

their business for profit; that at said time appellant was pursuing and conducting its business in the city of Rochester, Indiana, performing work under a contract with Armour and Company of Chicago, Illinois; that on December 1, 1922, appellant requested of the Industrial Board and procured from it a certificate to said Armour and Company that appellant had complied with §68 of the Workmen's Compensation Act, Acts 1915 p. 392, *supra*, by insuring its compensation liability covering the work it was performing for said Armour and Company.

That the rights and duties provided for by the Indiana Workmen's Compensation Act (Acts 1915 p. 392, *supra*) as between employer and employe are
1-3.  contractual, as contended by appellant, is well sustained by authority. §§2 and 4, Acts 1915 p. 392, *supra*, as amended by Acts 1917 p. 673; *Carl Hagenback, etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531; *Darsch* v. *Thearle Duffield, etc., Co.* (1922), 77 Ind. App. 357, 133 N. E. 525; *Rogers* v. *Rogers* (1919), 70 Ind. App. 659, 122 N. E. 778, 780. We can just as readily concede appellant's further contention that the provisions of the Workmen's Compensation Act (Acts 1915 p. 392, *supra*) are binding only as a part of contracts of employment made in Indiana, or made in contemplation of performance in Indiana. 6 R. C. L. 855; 2 Elliott, Contracts §§1113-19; *Hagenback, etc., Show Co.* v. *Randall* (1920), 75 Ind. App. 417, 126 N. E. 501; *Darsch* v. *Thearle Duffield, etc., Co., supra.* Affirmatively speaking, we hold that a contract made in one state in contemplation of performance in another, is subject to the law of the state in which it is to be performed. 13 C. J. 249. And a contract of employment made in Illinois to be performed in Indiana, is in effect an Indiana contract and subject to the laws of Indiana in-

cluding the Workmen's Compensation Law. An employe under such a contract, though his permanent residence is elsewhere, may well be said to be an Indiana employe.

Appellant challenges the Industrial Board's finding that appellant was an Indiana employer, and that the deceased was an Indiana employe as wholly unsupported by the evidence. An examination of the evidence discloses that the deceased was first employed for work in the city of Chicago, Illinois, at a wage of sixty-eight and one-half cents per hour. At this time there was nothing said about his going to Indiana. Later, he was sent to Indiana, where he worked under the direction of a local boss. The record is silent as to the amount that he was to receive as wages, though he was paid for his services, and in addition to his wages in money he was furnished room and board. The contract, express or implied, under which he was working at the time of his injury was different from the one under which he served in Chicago, and, whether made in Illinois or in Indiana, was made in contemplation of performance in Indiana, and as such was subject to the Workmen's Compensation Act of Indiana. The facts as disclosed by the evidence fully justified the board's finding that appellant was an Indiana employer, and the deceased an Indiana employe. Appellant relies upon the case of *Darsch* v. *Thearle Duffield, etc., Co., supra,* for reversal, but the case is readily distinguished from the instant case. In that case the employer had not localized itself, or qualified to do business in the state, and, as far as the record shows, had no place of business in the state. It had not in any manner accepted the provisions of the Workmen's Compensation Act. The injured employe had been working in Illinois under an Illinois contract of employment, and as an incident of his contract was temporarily in this

state.    It did not there appear that the contract of employment contemplated service in Indiana.

The award is affirmed.