## BEN WOLF TRUCK LINES *v.* BAILEY ET AL.
[No. 15,656. Filed May 11, 1936.]

*Donald R. Mote* and *Hottel, Mote & Smith,* for appellant.

*Larch & Larch, Roy Darneal* and *Slaymaker, Merrill, Locke & Donadio,* for appellees.

CURTIS, C. J.—This is an appeal from an award of the Full Industrial Board of Indiana made and entered on November 14, 1935, upon the application of the appellee Jesse Bailey for compensation on account of an injury alleged to have been sustained by the appellee while he was in the employ of the appellant.

The finding of the board is as follows: "And the full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised

therein, now finds that on May 18, 1935, while in the employ of the defendant, Ben Wolf Truck Lines, at an average weekly wage of $20.00, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge, but did not furnish medical attention; that as a result of said accidental injury plaintiff has been totally disabled since the date thereof and is so disabled at the time of this hearing.

"It is further found that defendant, Ben Wolf Truck Lines, and its insurance carrier, Farmers Mutual Liability Company of Indianapolis, Indiana, denied liability and did not furnish medical attention nor hospitalization at any time.

It is further found that the nature and character of the injuries suffered by plaintiff in the accident of May 16, 1935, were such as to require medical attention beyond sixty days.

"It is further found that no cause of action lies as against Joseph S. Morgan and Ivan C. Morgan, doing business under the firm name and style of the Morgan Packing Company, and that this cause as against said defendants should be dismissed."

The award was in accordance with the finding and fixed the amount of compensation at $11.00 per week, beginning on May 26, 1935, and to continue during the injured employee's total disability but not to exceed the period fixed by law. The application was dismissed as to Morgan and Morgan, doing business as Morgan Packing Company. The award contained an appropriate order for the payment of medical, surgical, hospital, and nurse's services for the first sixty days following the date of the injury and for the costs. From this final award this appeal was prayed and perfected. The assignment of error, among other things, contains the following: "That the award of the full Industrial Board

is contrary to law." This assignment of error is sufficient to present all questions sought to have reviewed.

There was evidence before the Industrial Board strongly tending to establish the following facts:

That the appellant Ben Wolf Truck Lines (sometimes referred to as Ben Wolf) had a contract with the appellees Morgan and Morgan, whereby the said Morgan and Morgan agreed to hire the trucks of the appellant to haul their products from their plant at Austin, Indiana, to various cities in adjoining and nearby states. The price to be paid was the current railroad rates for car loads and included all expenses in connection with said trucks including the drivers thereof. The appellant in said contract agreed to carry full workmen's compensation insurance on all its employees and furnish evidence to the said Morgan and Morgan that it carried such insurance, which it did; that the appellee Bailey was employed by the appellant as one of the drivers on one of the said trucks; that on May 16, 1935, Bailey left New Albany, Indiana, with one of the appellant's trucks and proceeded to Austin, Indiana, and got a load of canned goods to transport to Natchez, Mississippi; that he had been working for the appellant for five or six months; that about three miles south of Vicksburg, Mississippi, an accident occurred in going around a curve resulting in a collision with the road bank in which the said Bailey was injured. There is some dispute as to the amount of Bailey's average weekly wages but the evidence was ample upon which the board could find that it was at least $20.00 per week.

It is contended by the appellant that Bailey, at the time of the accident, was operating the truck in violation of the statutes of Mississippi, requiring certain hours of relief for rest, but this question presented a question of fact which the Industrial Board decided against the appellant and we are not inclined to question the finding in that respect.

The further contention is also made by the appellant that Bailey at the time of the accident was engaged in interstate commerce. The appellant places reliance upon the Motor Carrier Act of 1935, approved by the President August 9, 1935, which became effective some time later.

It is apparent upon examination that said Act did not become effective until several months after the accident in question. It could not, therefore, serve to divest the appellee Bailey of his said right of action which accrued at the time of the injury. We express no opinion herein as to what effect, if any, the said Motor Carrier Act would have had in this case had the accident occurred after the said act became effective. But the appellant also contends that the field of interstate commerce is reserved exclusively by the Constitution of the United States in the Congress and that, therefore, no state can in any manner legislate with reference to it. There is no doubt but that the power to regulate commerce between the states is exclusively lodged in Congress and that the state legislatures have no right whatever either to burden or to restrict it.

Section 20 of our Workmen's Compensation Act provides as follows (p. 542) :

"Every employer and employee under this act shall be bound by the provisions hereof whether injured by accident or death resulting from such injury occurs within the state or in some other state or in a foreign country."

See section 20, Indiana Workmen's Compensation Act, Acts of 1929, page 536, sec. 40-1220, Burns 1933, sec. 16396, Baldwin's 1934.

At the time the appellant employed the appellee Bailey as a driver upon one of appellant's trucks, the appellant carried compensation insurance covering the said appellee and this contract of insurance and the compensation law became a part of the private contract

of employment between the appellant and appellee Bailey. There is no evidence whatever indicating that the provisions of the compensation act had been rejected by the parties.

Section 19 of our Workmen's Compensation Act (§40-1219, Burns 1933, §16395, Baldwin's 1934) also provides as follows:

> "This act, except section 66, shall not apply to employees engaged in interstate or foreign commerce nor to their employers in case the laws of the United States provide for compensation or for liability for injury or death by accident to such employees."

Under these two sections and under the law that existed at the time of the accident we hold that where, as in the instant case, there is no showing made that ██ the laws of the United States provide for compensation, the mere fact that the injury occurred outside of the state would not bar a recovery. The private contract of the parties followed the employee until his contract of service ended. Our compensation law is to that extent extra-territorial. See *Hagenbeck et al.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531; *Lasear, Inc.* v. *Anderson et al.* (1934), 99 Ind. App. 428, 192 N. E. 762. It is, of course, not the purpose of this opinion to extend the application of the law of private contract beyond the scope of this opinion.

We think the evidence fully sustains the board in dismissing the action as to Morgan and Morgan. The evidence also fully sustains the Industrial Board in its conclusion that the appellee Bailey was not an independent contractor.

We have found no reversible error. The award is affirmed with the usual five per cent penalty.