FINKEL *v.* ONLI-WA FIXTURE COMPANY ET AL.

[No. 18,172.   Filed November 19, 1951.]

*Isidor Kahn, Harry P. Dees*; and *Kahn, Dees, Donovan & Kahn* (of counsel), all of Evansville, for appellant.

*Henry L. Humrichouser,* of South Bend, for appellee.

WILTROUT, J.—Appellant filed her application asking an award of compensation under the Indiana Workmen's Compensation Act by reason of the death of her husband.

The full Industrial Board found:

"That on the 17th day of March, 1949, plaintiff's decedent, Asher O. Finkel, died while performing services for defendant Onli-Wa Fixture Company, an Illinois corporation, in the capacity of an official of said defendant corporation.

"It is further found that defendant Onli-Wa Fixture Company was an Illinois corporation author-

ized to do business in the State of Indiana; that plaintiff's decedent and plaintiff and all corporate owners of such defendant were residents of the State of Illinois; that the chief office of said corporation was in the State of Illinois; that decedent's contract of employment was executed in the State of Illinois; that he died in the State of Illinois; that the Industrial Board of Indiana does not have jurisdiction of said cause."

The board entered an order dismissing appellant's action for want of jurisdiction, from which order of dismissal appellant prosecutes this review.

The application for compensation in this case was in the usual form, alleging that the decedent died as a proximate result of personal injuries received by him by reason of an accident arising out of and in the course of his employment by appellee Onli-Wa Fixture Company as a salesman. The insurance carrier was joined as a party defendant. The appellees appeared generally and introduced evidence.

The voluntary general appearance of appellees gave the board jurisdiction of the parties, although such an appearance did not give the board jurisdiction of the subject-matter of the action. Jurisdiction of the subject-matter must be derived from the compensation Act. *Bishop* v. *International Sugar Feed Co.* (1928), 87 Ind. App. 509, 162 N. E. 71.

It is apparent that the board dismissed appellant's action because it concluded that the employer herein, on the basis of the facts found by it, was not an Indiana employer. However, the board did not find sufficient facts from which such conclusion could be properly reached.

The fact that a contract of employment was entered into in another state does not prevent the applicability

of the Indiana Workmen's Compensation Act. *Johns-Manville, Inc.* v. *Thrane* (1923), 80 Ind. App. 432, 141 N. E. 229; *Hagenback, etc., Show Co.* v. *Randall* (1921), 75 Ind. App. 417, 126 N. E. 501. Neither is the fact that the appellee Onli-Wa Fixture Company is an Illinois corporation in this case material. It had localized itself, or qualified to do business in this state. *Johns-Manville, Inc.* v. *Thrane, supra.* This case differs in that respect from the cases of *Darsch* v. *Thearle Duffield, etc., Co.* (1922), 77 Ind. App. 357, 133 N. E. 525; *Norman* v. *Hartman Furn., etc., Co.* (1926), 84 Ind. App. 173, 150 N. E. 416; and *Finkley* v. *Eugene Saenger Tailoring Shop* (1935), 100 Ind. App. 549, 196 N. E. 536.

An employee may be an Indiana employee covered by the provisions of the Indiana, Workmen's Compensation Act though his permanent residence is elsewhere. *Johns-Manville, Inc.* v. *Thrane, supra.*

It is not necessary that the injury by accident or that the death occur in Indiana. "Every employer and employee under this act shall be bound by the provisions hereof whether injury by accident or death resulting from such injury occurs within the state or in some other state or in a foreign country." Burns' 1940 Replacement, § 40-1220; *Ben Wolf Truck Lines* v. *Bailey* (1936), 102 Ind. App. 208, 1 N. E. 2d 660; *Carl Hagenback, etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531.

The finding in this case is silent as to whether the contract contemplated performance of service in Indiana in whole or in part. A finding on this subject is essential. *Darsch* v. *Thearle Duffield, etc., Co., supra; Fisher* v. *Mossman-Yarnelle Co.* (1938), 105 Ind. App. 22, 13 N. E. 2d 343; *Calkins* v. *Service Spring Co.* (1937), 103 Ind. App. 257, 7 N. E. 2d 54;

*Elkhart Sawmill Co.* v. *Skinner* (1942), 111 Ind. App. 695, 42 N. E. 2d 412. In *Johns-Manville, Inc.* v. *Thrane, supra,* it is stated, "And a contract of employment made in Illinois to be performed in Indiana, is in effect an Indiana contract and subject to the laws of Indiana including the Workmen's Compensation Law."

A well-considered comment upon this subject appears in 24 Indiana Law Journal, p. 232.

The board's order dismissing the action is reversed and proceedings remanded to the Industrial Board with instructions to make a further finding of facts and for further proceedings consistent with this opinion.

NOTE.—Reported in 101 N. E. 2d 719.