Rose B. FINKEL, Plaintiff-Appellee,

v.

GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, Ltd., Defendant-Appellant.

No. 11522.

United States Court of Appeals
Seventh Circuit.

March 21, 1956.

Rehearing Denied April 10, 1956.

Frederick P. Bamberger, Evansville, Ind., Henry L. Humrichouser, South Bend, Ind., Edmund F. Ortmeyer, William P. Foreman, Evansville, Ind., for appellant.

Harry P. Dees, Isidor Kahn, Arthur R. Donovan, Robert Kahn, Willard C. Shrode, Evansville, Ind., Kahn, Dees, Donovan & Kahn, Evansville, Ind., of counsel, for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an action on an insurance contract. The plaintiff, Rose B. Finkel, is the sole heir of her husband, Asher O. Finkel, who was the President and General Manager of the Onli-Wa Fixture Company, Inc., an Illinois corporation which owned a manufacturing plant in Evansville, Indiana. The defendant Insurance Company issued a general policy covering the workmen's compensation liabilities of the Onli-Wa Company. This policy included a "Voluntary Compensation Endorsement" which provided that if any executive officer of the insured should sustain injury or death in the course of his employment and under circumstances which would have rendered the insurer liable for compensation if such executive officer were included under workmen's compensation, the Insurance Company then agreed to voluntarily pay on behalf of the insured employer such benefits as would have been payable if the executive officer had been covered. The defendant does not contend that Asher Finkel, as an execu-

tive officer of the insured corporation, was an employee covered by the Indiana Workmen's Compensation Act, Burns' Ind.Ann.Stat. § 40–1201 et seq. Nor does the defendant contest the fact that this endorsement is enforceable as a contract. Therefore, the principal question is: To what, if anything, would the plaintiff be entitled under the Indiana Workmen's Compensation Act if her husband had been an "employee" within its coverage?

The accident in which the decedent was killed occurred in Illinois as he was returning from a trip to the Evansville, Indiana, plant where he had spent several days performing managerial duties for his Company. During the morning of the day on which the decedent was killed he had performed such services for several hours.

In order to determine her rights, if any, under the Indiana Workmen's Compensation Act, the plaintiff first filed and prosecuted her claim for compensation with the Indiana Industrial Board as provided by the Act, Burns' Ind.Ann. Stat. § 40–1509. In its first order the Industrial Board dismissed her application for want of jurisdiction because it believed that the Onli-Wa Company was not an Indiana employer within the meaning of the Act and that, therefore, the Act did not apply to it and its employees. The Board based that decision and order on its findings that the Onli-Wa Company was an Illinois corporation, that the principal office of the Company was in Illinois, that the deceased was an Illinois resident, and that the contract of employment was made in Illinois. The order of the Industrial Board dismissing plaintiff's claim was then appealed to the Appellate Court of Indiana which held that the Board did not find enough facts to support such a conclusion; and remanded the case with instructions to determine whether or not the contract of employment, although executed in Illinois, had been made in contemplation of service in whole or in part in Indiana. Finkel v. Onli-Wa Fixture Co., 121 Ind. App. 622, 101 N.E.2d 719, 721. That court said that the employer company "had localized itself, or qualified to do business in this state"; that the fact that the contract of employment was executed in Illinois by an Illinois corporation did not prevent the applicability of the Indiana Workmen's Compensation Act; that an employee may be an Indiana employee covered by the Act though his residence is outside of the state; and that the Act, Burns' Ind.Ann.Stat. § 40–1220, expressly provides that every employer and employee covered by the Act shall be bound by its provisions whether the accident resulting in the injury or death occurs within or without the State of Indiana.

On remand the Industrial Board added the finding that the employment contract "contemplated performance of some service by said decedent as an official of said defendant in the State of Indiana." The Board then again denied recovery. The only ostensible reason for that action is the fact that the services performed by Finkel were performed by him in his official capacity as President and General Manager of the Company and that he was, therefore, not an "employee" under the Indiana Act.

After the above determinations as to the status of the decedent under the Indiana law, the plaintiff then filed her complaint in the District Court seeking recovery and relying on the Voluntary Compensation Endorsement of the insurance contract. In the court below the case was tried to the judge, and all the facts were stipulated. The trial court found for the plaintiff and awarded her $8,655.12 as the amount she would have been entitled to under the Indiana Workmen's Compensation Act if her husband had been an "employee" within its terms.

On appeal the defendant's first claim is that the contract of employment between the Onli-Wa Fixture Company and Asher O. Finkel was not an Indiana contract and, therefore, did not fall within the jurisdiction of the Indiana Workmen's Compensation Act. The Indiana Appellate Court's decision

in Finkel v. Onli-Wa Fixture Co., 121 Ind.App. 622, 101 N.E.2d 719, indicated that the Indiana Act covers any employment contract made in contemplation of performance in Indiana, no matter where it was made or where the parties to it are domiciled. In that case the Industrial Board had already found that the contract was made in Illinois and that the parties were residents of that state. The Board had not found one single connection with Indiana, but the Appellate Court held that the Board could not hold that the Indiana Act did not apply until it had determined whether or not the parties had made the employment contract contemplating some performance under the contract in Indiana. The court could only have meant that contemplation of performance in Indiana would bring the contract within the jurisdiction of the Indiana Act, otherwise a finding as to where the contract was to be performed could not have changed the outcome of the case. In other words, such contemplated performance could not have been a necessary fact unless that fact alone could have changed the outcome.

The defendant relies upon Darsch v. Thearle Duffield Fire Works Display Co., 77 Ind.App. 357, 133 N.E. 525, in which the Appellate Court of Indiana affirmed the Industrial Board's determination that the Indiana Compensation Act did not apply to an employment contract made in Illinois between two Illinois residents when the employer was not qualified to do business in Indiana and had no place of business there. The Finkel case, supra, distinguished Darsch because there the employer could not legally have done business in Indiana, whereas the Onli-Wa Company was qualified to do business in that state and had a permanent manufacturing plant in Evansville. (Of course an employer not qualified to do business in Indiana, and not planning to become so qualified, would have a difficult time convincing a court that he had entered an employment contract contemplating its performance in that state.)

In Johns-Manville, Inc., v. Thrane, 80 Ind.App. 432, 141 N.E. 229, the court established the Indiana rule on the jurisdictional limit of the Indiana Workmen's Compensation Act. The court there held that the Compensation Act applied to an employment contract entered into in Illinois by residents of Illinois if the parties contemplated performance in Indiana. In that opinion the court said:

"Affirmatively speaking, we hold that a contract made in one state, in contemplation of performance in another, is subject to the law of the state in which it is to be performed. 13 C.J. 249. And a contract of employment made in Illinois, to be performed in Indiana, is in effect an Indiana contract and subject to the laws of Indiana, including the Compensation Law. An employee under such a contract, though his permanent residence is elsewhere, may well be said to be an Indiana employee." 80 Ind.App. at pages 434–435, 141 N.E. at page 230.

The defendant states in its brief that the Onli-Wa Company was not qualified to do business in Indiana at the time it entered the employment contract with Finkel, and that therefore it could not possibly have contemplated performance of the contract in Indiana. The record shows that the contract of employment was made on January 2, 1946, and that the Company was licensed to do business in Indiana on February 21, 1946. We cannot say that it was unreasonable for the trial court to assume that the Company knew it was going to qualify to do business in Indiana and open a plant there, fifty days in advance of actually doing so. It seems to us that ordinarily reasonable business men would have contemplated opening their factory in Indiana at least fifty days before actually doing so. The District Court's finding was also in agreement with that of the Indiana Industrial Board. We find that it was supported by sufficient evidence.

The defendant's final argument is that even if the plaintiff was entitled

to something under the Indiana Compensation Act, the trial court awarded her too much. The Indiana law in force at the time of decedent's death provided that death benefits were payable in weekly installments, Indiana Acts 1947, c. 162, p. 523, § 6, and the defendant claims that it was therefore improper for the trial court to allow recovery based upon installments that became due after the complaint was filed. Morgan v. Aetna Life Insurance Co., 7 Cir., 157 F.2d 527.

In the Morgan case this court held that the plaintiff when suing on an accident insurance policy could recover only those monthly payments that were due when he commenced the action and not for those to become due thereafter. This is a general rule of long standing. The plaintiff seeks to overcome the argument of the defendant by reliance upon Metropolitan Life Insurance Co. v. Schneider, 99 Ind.App. 570, 193 N.E. 690. In the Schneider case the Appellate Court of Indiana held that by denying all liability on a contract of insurance the insurance company lost its contractual right to pay in installments. The usual rule, generally recognized, is that a party loses such a right by *repudiation* of the contract in which the right is contained. New York Life Insurance Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L. Ed. 971. This rule, of course, is just common sense; a party who treats the contract as no longer in existence cannot thereafter claim benefits under it. The rule expressed by the Indiana court is very different, however. The defendant in the Schneider case did not repudiate the contract but claimed it was not liable under its terms. Nevertheless, Indiana has said that this is enough to waive the contractual right to pay in installments, and we are bound to follow Indiana law in this case. In the Schneider case the Indiana Appellate Court followed Kentucky in John Hancock Mutual Life Insurance Co. v. Cave, 240 Ky. 56, 40 S.W.2d 1004, 79 A.L.R. 848.

The defendant is under a contractual duty to pay plaintiff just what she would be entitled to had her husband been covered by the Indiana Compensation Act. That Act gives the defendant the right to pay in installments, therefore, the contract between the parties gives it that right. But, the defendant having denied all liability upon its contract, waived its right to pay in installments. The defendant, therefore, owed the full amount recoverable as death benefits. The amount of the judgment was not too large.

The judgment of the District Court is Affirmed.