## NORMAN v. HARTMAN FURNITURE AND CARPET COMPANY.

[No. 12,524.   Filed February 4, 1926.]

MASTER AND SERVANT.—*Workmen's Compensation Act not applicable to accidental death of nonresident employee of foreign corporation who was temporarily in Indiana on his master's business.*—The Workmen's Compensation Act is not applicable to a case of accidental death of an employee of a corporation located in Illinois, while temporarily in Indiana on his employer's business, where the contract of employment was entered into in Illinois, the residence of the employee.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Anna L. Norman for the death of her husband, Raleigh H. Norman, opposed by the Hartman Furniture and Carpet Company, employer. From an order of the Industrial Board dismissing the application for want of jurisdiction, the claimant appeals. *Affirmed.* By the court in banc.

. *Miller, Dailey & Thompson* and *Busby, Weber, Miller & Donovan,* for appellant.

*John A. Bloomington,* for appellee.

THOMPSON, J.—Appellant filed a claim for compensation before the Industrial Board, and her claim was denied for want of jurisdiction. At the hearing of said claim there was an agreed statement of facts on which the board should decide the questions involved; and said facts should be taken by the said Industrial Board as true for the purposes of this hearing, and all subsequent hearings before the Industrial Board or on appeal from any decision thereof, which agreed statement of facts is in substance as follows: That appellant, Anna L. Norman, was the wife and widow of Raleigh H. Norman, deceased; that they were married in Chicago, Illinois, August 2, 1924, and were living together as husband and wife at the time of the death of Raleigh H. Norman on October 9, 1924; that said Norman left surviving him as his only dependent Anna L. Norman; that appellee, Hartman Furniture and Carpet Company, is a corporation organized under the laws of the State of Illinois and having its principal place of business at Chicago, having no license to do business in the State of Indiana, and carrying on no business in this state and having no employees in the state except as buyers may occasionally visit this state; that appellee has the legal title to a factory building located at Goshen, Indiana, said title having been acquired

before the death of Raleigh H. Norman in order to secure a release from contract, and is held simply for the purpose of finding a purchaser, and that said building is now under contract of sale; that appellee has never operated said plant since title was taken by it; that Raleigh H. Norman was employed by appellee as a furniture buyer at a salary of $8,400 a year; that his contract of employment was made at Chicago, Illinois, and that his headquarters was in Chicago; that by the terms of his employment he was required from time to time to make trips to other states, whenever directed by his superiors, for the purpose of buying merchandise, and other duties in connection therewith; that Raleigh H. Norman was killed in an automobile accident on the Dixie Highway, in Indiana, near Evansville, and at the time of his death he was temporarily in the State of Indiana on a buying trip for his employer, and was accompanied at the time of his death by A. I. Hartman, vice-president of appellee, and that appellee had notice of his death; that a demand was made by appellant upon appellee, within thirty days after the accident, for compensation, and appellee denied liability.

The only error assigned is, that the order of the Industrial Board dismissing the claim for want of jurisdiction is contrary to law. Such an assignment brings into question the sufficiency of the facts agreed upon to sustain the award and the sufficiency of the evidence to sustain the finding of facts.

Appellant has filed an able and exhaustive brief, and claims that on the authority of *Darsch* v. *Thearle Duffield, etc., Co.* (1922), 77 Ind. App. 357, 133 N. E. 525, the award should be reversed. In the case cited, the facts were: That both parties were residents of the State of Illinois; that the contract of employment between the parties was entered into in the State of Illinois; that appellant was an Illinois corporation and

had no office or place of business in the State of Indiana; that at the time of the injury the employee was only temporarily in Indiana, and the court there affirmed an award dismissing the claim for want of jurisdiction. We adhere to that decision.

In the instant case the agreed statement of facts shows that appellant and appellee were residents of Chicago, Illinois, and that the contract of employment was entered into in Illinois; that appellee had not localized in Indiana, and that Raleigh H. Norman, at the time of his injury and death, was in Indiana, temporarily engaged in his master's business.

We hold that the case does not come under the provisions of the Workmen's Compensation Act of this state and that the Industrial Board did not have jurisdiction.

Award affirmed.