BISHOP *v.* INTERNATIONAL SUGAR FEED COMPANY.

[No. 13,270.   Filed June 20, 1928.]

*Armstrong & Lanphar,* for appellant.
*Joseph W. Hutchinson,* for appellee.

REMY, J.—Appellant was employed by appellee, a foreign corporation, as a traveling salesman, and while working in the line of his employment in Dubois county,

he suffered an accidental injury for which he made application for compensation. At the hearing, appellee having entered a general appearance, the Industrial Board found that the evidence was insufficient to establish the fact that, at the time appellant received the injury, appellee was an Indiana employer, and that, therefore, the board was without jurisdiction. From an order of the board denying compensation, this appeal is prosecuted.

There is competent evidence to sustain the finding of the board that, at the time appellant received the injury, appellee was not an Indiana employer.

It is not contended that the compensation act gives the Industrial Board jurisdiction to adjust claims for others than Indiana employers. But, see *Darsch* v. *Thearle Duffield, etc., Co.* (1922), 77 Ind. App. 357, 133 N. E. 525; *Norman* v. *Hartman Furn., etc., Co.* (1926), 84 Ind. App. 173, 150 N. E. 416. The contention is that appellee having entered a general appearance at the time of the hearing, the board thereby acquired jurisdiction for all purposes. We do not so understand the law. Appellant has failed to distinguish between jurisdiction of the person and of the subject-matter of the action. There is no question but that a voluntary general appearance gives jurisdiction of the person, though as to the subject-matter the law is otherwise. *In re Winn* (1908), 213 U. S. 458, 53 L. Ed. 873; *Hynds* v. *Fay Bros. & Co.* (1886), 70 Iowa 433, 30 N. W. 683; *Steamboat General Buell* v. *Long* (1869), 18 Ohio St. 521; *Indianapolis, etc., R. Co.* v. *Renner* (1861), 17 Ind. 135. The jurisdiction of a court over the subject-matter of an action cannot be conferred by agreement of the parties, nor by a general appearance of the defendant; such jurisdiction is always derived from the law. So with the Industrial Board, its jurisdiction of the subject-matter of any proceeding

must be derived from the compensation act, which act, as this court has held, applies only to Indiana employers. *Darsch* v. *Thearle Duffield, etc., Co., supra.*

The Industrial Board found that appellee was not an Indiana employer at the time appellant received the injury, and having so found, it correctly held that it was without jurisdiction of the cause.

Affirmed.