# Richmond

## BERNARD SOLOMON V. DR. MANFRED CALL AND JOHN CALL.

November 17, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*E. V. Walker, W. O. Fife, R. Watson Sadler* and *Robert E. Taylor,* for the plaintiff in error.

*Perkins & Battle* and *C. Venable Minor,* for the defendants in error.

GREGORY, J., delivered the opinion of the court.

Bernard Solomon instituted an action, by notice of motion for judgment, against Dr. Manfred Call and John Call to

recover damages for injuries resulting from an automobile accident, which occurred on the 17th day of September, 1931, in Albemarle county. The defendants filed a special plea in bar alleging that the action should not be maintained because Solomon had been awarded compensation for his injuries under the workman's compensation act of Pennsylvania (77 P. S. section 1 *et seq.*). Issue was joined upon the notice of motion and the plea and the trial court allowed the plea and dismissed the action.

Bernard Solomon was the plaintiff and Dr. Manfred Call and John Call the defendants in the court below and they will be so referred to here.

At the time of and before the present cause of action arose the plaintiff had been and was employed as a traveling salesman by Benjamin Shander, who was a resident of the State of Pennsylvania. At the time of the accident the plaintiff was acting within the scope of his employment.

Subsequent to the accident the plaintiff filed with the Bureau of Workman's Compensation of the State of Pennsylvania, a claim for his injuries received by reason of the automobile accident and he was awarded, by said bureau, compensation amounting to $411.42, which he promptly accepted.

The sole assignment of error is based upon the ruling of the trial court in sustaining the said special plea in bar and dismissing the action. The assignment presents but one single question, namely: Did the acceptance by the plaintiff, of compensation under the workman's compensation act of the State of Pennsylvania (77 P. S. section 1 *et seq.*), preclude him from maintaining an action in Virginia, in tort, against the defendants, who are third parties?

It is conceded by the plaintiff that he is not entitled to a double recovery and that his employer should be reimbursed for the amount expended by him under the workman's compensation act of Pennsylvania, out of any funds obtained from the defendants in this action.

Under the Pennsylvania act, an injured employee may not only receive compensation for his injuries thereunder, but he may also institute his action for damages for the injuries against the third party who may have been responsible for them, but the employer, paying the compensation under the act, will be subrogated to any recovery in the action, to the extent of the payments made.

Under the Virginia act, Code section 1887 (12), as it was at the time of the accident involved here, the acceptance of an award under *it* by an employee constituted an election, which under the act, barred him from proceeding against a negligent third person. *Horsman* v. *Richmond, etc., Ry. Co.,* 155 Va. 934, 157 S. E. 158. However, the employer who has paid compensation under the act, may, in the name of the employee, maintain an action against a negligent third person for injuries inflicted upon the employee, but the employee is prohibited from participating in the recovery and the employer is limited in the amount of his recovery to the amount expended by him on behalf of the employee. *Williamson* v. *Wellman,* 156 Va. 417, 158 S. E. 777.

In *Virginia Electric & Power Co.* v. *Mitchell, post,* page 855, 164 S. E. 800, 803, this court held that, but for the mandate of the legislature to the contrary, an injured employee might maintain his action against a negligent third person for full compensation for his injuries; the employer to be reimbursed out of the recovery for the amount expended by him in behalf of the employee. Hudgins, J., speaking for the court said: "We saw no valid reason why an employee who was injured by the negligence of a third party should not be permitted to recover full compensation for his injury; the employer to be reimbursed out of such recovery for the sums expended, or to be expended by him for and in behalf of the employee, the balance if any, to be paid to the employee, but the mandate of the legislature was otherwise and we enforced the statute as the legislature had written it."

The plaintiff's employment was under a Pennsylvania contract, with a Pennsylvania employer and embraced within the terms of the workman's compensation act of that State. His contract of employment was entirely foreign to the State of Virginia and clearly outside of the Virginia workman's compensation act (Code 1930, section 1887 (1) et seq.).

The plaintiff could not have successfully maintained any claim for compensation under the Virginia workman's compensation act because he was not embraced therein and not being within the Virginia act and not having accepted an award thereunder, he is not prohibited by the act nor by common law from maintaining his action for the injuries received against the negligent third person or persons responsible for them. He could not have obtained any of the benefits of the Virginia act and he is not required to suffer and bear the prohibitions of it. The prohibition of section 12 of the Virginia act does not apply to him.

Prior to this time we have not been confronted with the question here presented, but the Supreme Court of Washington, in the case of Reutenik v. Gibson Packing Co., 132 Wash. 108, 231 Pac. 773, 37 A. L. R. 830, had before it a similar question. The administrator of the deceased Hartje brought an action for damages in Washington against the defendant for the death of the deceased which had been caused by an automobile accident in Washington. The defendant contended that inasmuch as an award under the workman's compensation act of California had been accepted by the administrator, she was precluded from maintaining her action at law in Washington for the death of the deceased. Hartje was embraced within the California act and it did not prohibit the administrator from bringing an action for the death of the deceased, but the Washington act did prohibit such an action. The court held that the administrator was not precluded from bringing her action in Washington, against the negligent third party, by the acceptance of the award under the California act. That

case strongly supports our conclusion here. In *Rorvik* v. *North Pac. Lumber Co.*, 99 Ore. 58, 190 Pac. 331, 195 Pac. 163, on somewhat similar facts, the court reached the same conclusion.

The defendants, however, contend that "under the well established rule of comity between states, and under the full faith and credit clause of the Federal Constitution, it would be the duty of the Virginia court to apply the Pennsylvania law, the *lex loci contractus* in preference to its own unless the Pennsylvania law is contrary to the public policy of Virginia." They further contend that to uphold the Pennsylvania law in this instance would be to act in flat disregard of the public policy of the State of Virginia, as exemplified by the acts of its General Assembly and by the decisions of this court which have held that an employee must elect whether he will acept an award under the workman's compensation act or pursue his remedy by an action at law, and having elected to receive an award under the act he is barred from maintaining an action at law.

While we appreciate the earnestness of counsel in supporting their position, we are unable to discover any question of public policy in this case. We do not see just how the public policy of Virginia will be contravened by permitting the plaintiff to maintain an action at law for damages for his injuries against the negligent third person who, as he claims, was responsible for them. Nor do we think that the question of conflict of laws has any application here. The Virginia cases relied upon by counsel for the defendant in support of his contention, in our opinion are not applicable. It is not against public policy to require the negligent wrongdoer to answer in damages to one who has been injured in an automobile accident, for the injuries inflicted. Public policy would be more offended by permitting the wrongdoer to escape liability than it would be to require him to answer in damages. Aside from this however, we have held in *Virginia Electric & Power Co.* v. *Mitchell, supra,* that but for the Virginia workman's compensation act, the

injured employee is permitted to maintain his action at law for full damages for his injuries, against the negligent third party who is responsible for them and we adhere to that principle in this case because the Virginia act has no application to the plaintiff.

The judgment of the trial court is reversed and the action will be reinstated for trial to be had in accordance with the views herein expressed.

*Reversed.*