SMITH v. MENZIES SHOE COMPANY.

[No. 15,091. Filed January 26, 1934.]

*Smith & Parrish,* for appellant.

*James L. Murray,* for appellee.

BRIDWELL, P. J.—Appellant filed with the Industrial Board his application for adjustment of his claim for compensation against appellee, alleging therein that he had sustained injuries by reason of an accident arising out of and in the course of his employment by appellee. Appellee, the employer, entered its special appearance and filed an answer questioning the jurisdiction of said board over the appellee, and over the subject matter of this action. This answer alleged that the defendant (appellee) was not an Indiana employer; that it was not qualified as a foreign corporation to do business in Indiana; that it did not maintain any place of business in Indiana; that it did not own any property in this state, and had no "duly appointed legal agent" in the state. Appellant filed a general denial to this answer. Such further proceedings were had that the full Industrial Board, upon an application for review, made the following finding and order, to wit: "And said Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, finds that

Alva Smith, plaintiff herein, was in the employ of the Menzies Shoe Company on November 14th, 1932, at an average weekly wage of $20.00; that on said date the said Alva C. Smith received personal injuries by reason of an accident arising out of and in the course of his employment, of which defendant had knowledge. And said Board further finds that as a result of said accident and injury, plaintiff has been totally disabled since the date of injury and is so disabled on the date of this hearing.

"And the full Industrial Board having in mind the evidence presented and the stipulation of facts submitted in the within cause now finds for the defendant on its special answer filed with the Board on May 12, 1933, in this: That the Industrial Board of Indiana has no jurisdiction of the subject matter.

### "ORDER

"It is therefore considered and ordered by the full Industrial Board of Indiana that plaintiff take nothing by his application filed with said Board on February 12th, 1933, and that he pay the costs of this proceeding." From this award appellant appeals, assigning as error that the award is contrary to law.

It is admitted by appellee that appellant's injuries were the result of an accident arising out of and in the course of his employment by appellee. The evidence without conflict shows that the accident occurred about three miles south of Pleasant Lake, Indiana, and that appellant had been a resident of Indiana for approximately 21 years; that he was employed by appellee as a traveling salesman to sell shoes and other footwear, and was assigned Indiana as the territory within which he should work, with the right to work in Ohio as well if he wanted to do so; that the contract of employment was entered into in 1932, at Chicago, Illinois. At the

hearing the following stipulation was made: "It is stipulated and agreed by and between the parties that the defendant, Menzies Shoe Company, was a corporation; that its principal office was in the City of St. Louis, State of Missouri; that it was not an Indiana corporation, neither did it own any factory, distributing branch, business location, any real estate or retail establishment in the State of Indiana during the year of 1932." There is also evidence to prove that appellant had not registered with the Industrial Board of Indiana as an employer, and that it had not taken any steps to voluntarily bring itself under the provisions of our Workmen's Compensation Act. It is also shown by the evidence that appellant had not been "admitted" to transact business in the State of Indiana as a foreign corporation, nor had it applied for such admission.

The sole question presented is as to whether the Industrial Board could legally make an award of compensation in favor of appellant, under the facts stipulated and proven as hereinbefore set forth.

Section two of "The Indiana Workmen's Compensation Act of 1929" (Acts 1929, p. 536), §16378, Baldwin's Ind. Ann. Stat. 1934), provides: "From and after the taking effect of this act, every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby; . . ." It is also provided by section four of said act that every contract made subsequent to the taking effect of the act shall be presumed to have been made subject to its provisions.

These provisions of our present statute are identical with the provisions contained in The Indiana Workmen's Compensation Act which first became a part of

the statutory law of this state. (Acts 1915, p. 392.) This court, in considering a cause on appeal wherein the Industrial Board had held it had no jurisdiction, was required to determine whether a non-resident employer, which had not localized itself in this state was bound by the Act, when its employee, while discharging the duties of his employment here, sustained an injury by reason of an accident arising out of and in the course of the employment, said: "The State of Indiana cannot regulate the conduct of citizens of foreign states. Its laws are of binding force and effect only upon persons within this state, and the language of said section as to employers and employees who shall be deemed to have accepted its provisions, manifestly was intended only to apply to such persons as were residents of this state and made their contracts of employment here, or made such contract with reference to their performance, at least in part, within this state, or, maintained an office and place for doing business within this state. To give to the act in question the force and effect contended for by appellant, and to so construe the same that it would apply to the parties hereto and to their said contract of employment, would, to our minds render said act of doubtful validity, and such a construction will therefore be avoided whenever reasonably possible." *Darsch* v. *Thearle Duffield, etc., Co.* (1922), 77 Ind. App. 357, 133 N. E. 525. See also, *Norman* v. *Hartman Furniture, etc., Co.* (1926), 84 Ind. App. 173, 150 N. E. 416; *Bishop* v. *International, etc., Co.* (1928), 87 Ind. App. 509, 162 N. E. 71.

To hold that our Workmen's Compensation Act confers upon the Industrial Board, thereby created, jurisdiction to award compensation against a non-resident employer not localized in this state, would, in our opinion, be writing into such law by judicial construction, a new provision, and, an attempted authority

which the law itself does not purport to give.. It is only Indiana employers, resident or localized here, who "shall be presumed to have accepted" the provisions of the Act.

Under the facts of this case the Industrial Board was without jurisdiction to grant appellant compensation. Award affirmed.