**Philip F. McCANN, Plaintiff,**

v.

**NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY and McLean Contracting Company, Defendants.**

No. 2553.

United States District Court
E. D. Virginia,
Norfolk Division.
Oct. 22, 1959.

Seawell, McCoy, Winston & Dalton, John W. Winston, Norfolk, Va., for plaintiff.

Murray, Ford, West & Wilkinson, Granger West, Newport News, Va., for McLean Contracting Co.

Ferguson, Yates & Stephens, J. Warren Stephens, Newport News, Va., for

Newport News Shipbuilding & Dry Dock Co.

**WALTER E. HOFFMAN, District Judge.**

Plaintiff, McCann, an employee of Ingersoll-Rand Company, of Phillipsburg, New Jersey, was injured on October 14, 1955, while on the premises of the defendant, Newport News Shipbuilding and Dry Dock Company (hereinafter referred to as "Shipyard"), when plaintiff was bending over to pick up a piece of the new air compressor being installed at the No. 1 substation or power house. At the time in question a timber supporting an overhead pipe in the substation suddenly came free of the pipe and fell to the ground, striking and injuring the plaintiff. The new air compressor had been purchased by Shipyard from Ingersoll-Rand and, as a part of the contractual agreement between the parties, Ingersoll-Rand was to supply a supervisor of erection for a period of 14 days; Shipyard being obligated to pay the traveling and living expenses of the individual selected. The plaintiff was the designated supervisor of erection on duty at the time of the accident. By a separate contract with the Shipyard, McLean Contracting Company had installed the foundation for the air compressor, but the actual installation and erection of the compressor was being undertaken by Shipyard's Hull Fitting and Pipe Department. In fact, Shipyard's employees had the compressor nearly assembled and erected when plaintiff reported on the job and supervised the final stages of erection. At the moment of the accident, plaintiff and a Shipyard Machinist were working together on the final details of installation and erection.

■■■ Both defendants have filed motions for summary jugdment contending that plaintiff, at the time of his injury, was a *statutory* employee of the Shipyard and therefore covered under the Virginia Workmen's Compensation Act. Defendants state that plaintiff was performing a part of the "trade,

business and occupation" of the Shipyard and hence cannot recover from Shipyard, a self-insurer under the Act, nor from Shipyard's independent contractor, McLean Contracting Company. Counsel have admitted that plaintiff has filed no claim for compensation or benefits under the Virginia Act, but has received benefits under the New Jersey Act as an emplyoee of Ingersoll-Rand Company.

The various affidavits attached to the motions, including an affidavit from an officer of Ingersoll-Rand, pointedly state that an integral part of the shipbuilding industry is the installation and maintenance of equipment, including air compressors, for power; that the necessary installation and erection of compressors of all kinds are ordinarily and appropriately performed by the shipbuilding industry, using their own crews, and with or without supervision by representatives of the manufacturers of such compressors; and that the installation and erection of the air compressor in question constituted an integral and indispensable part of the "trade, business and occupation" of the Shipyard, without which the business of Shipyard could not be performed from day to day.

Not having given notice to the contrary prior to the accident resulting in his injury, plaintiff, if then a *statutory* employee of Shipyard, is presumed to have accepted the provisions of the Virginia Workmen's Compensation Act. § 65–20, Code of Virginia, 1950. It is further provided under § 65–26, Code of Virginia, 1950, that:

*"Liability of owner to workmen of sub-contractors.—*

"When any person (in this section and §§ 65–28 and 65–29 referred to as 'owner') undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 65–28 to 65–31 referred to as 'sub-contractor') for the execution or performance by or under such sub-contractor of the whole or any part of the work under-

taken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him."

It is, of course, mandatory upon every employer subject to the compensation provisions of the Act to insure the payment of compensation to his employees and, while such insurance remains in force, the employer is only liable to an injured employee to the extent specified. § 65–99, Code of Virginia, 1950.

Under § 65–38, Code of Virginia, 1950, the common-law right of action of an injured employee against a "third party" is stated to be "against any other party", as follows:

"*Subrogation of employer to employee's rights against third parties; evidence, recovery; compromise.*—

"The making of a lawful claim against an employer for compensation under this Act for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party * * * Any amount collected by the employer under the provisions of this section * * * shall be held by the employer for the benefit of the injured employee or other person entitled thereto, less such amounts as are paid by the employer for reasonable expenses and attorney's fees. No compromise settlement shall be made by the employer in the exercise of such right of subrogation without the approval of the Industrial Commission and the injured employee or the personal representative or dependents of the deceased employee being first had and obtained."

This state of facts, and the Virginia statutes referred to herein, give rise to the pivotal questions which are:

(1) Was the work being done by plaintiff as a part of the trade, business and occupation of Shipyard?

(2) Assuming that plaintiff was performing work which was a part of the trade, business and occupation of Shipyard, does this protect McLean, an independent contractor of Shipyard, who was engaged in putting in the foundation for the air compressor, where no claim has been filed under the Virginia Act?

(3) Does the Virginia Workmen's Compensation Act apply to plaintiff, a non-resident injured in an industrial accident in Virginia, who has made no claim under the Virginia Act?

Manifestly the plaintiff was engaged in work, at the time of his injury, which was a part of Shipyard's "trade, business and occupation". Indeed, there is no dispute on the question. Shipyard employees, along with plaintiff, were actively engaged in the installation and erection of the air compressor at the time of the industrial accident. The facts herein presented are identical in principle with Doane v. E. I. DuPont de Nemours & Co., 4 Cir., 209 F.2d 921. Cf. Sykes v. Stone & Webster Engineering Corp., 186 Va. 116, 41 S.E.2d 469. Plaintiff was clearly not a "stranger" to the business. Feitig v. Chalkley, 185 Va. 96, 38 S.E.2d 73. Such a finding makes it mandatory upon the Court to sustain Shipyard's motion for summary judgment, unless the Virginia Act is inapplicable by reason of plaintiff being a non-resident and having filed a claim for compensation and benefits under the New Jersey Act.

Plaintiff insists that the Virginia Act is wholly inapplicable for the reasons heretofore stated. He refers to Solomon v. Call, 159 Va. 625, 166 S.E. 467, and Liberty Mutual Ins. Co. v. Goode Construction Co., D.C., 97 F.Supp. 316, the latter being an opinion by District Judge

Bryan. The Solomon case is entirely foreign to the issue raised herein. There, the plaintiff, a resident of Pennsylvania and employed in that state, was injured in an automobile accident while traveling in Virginia as a salesman in the course of his employment. Plaintiff sued the operator of the other vehicle, and defendant urged that the Virginia Workmen's Compensation Act barred his right to maintain the action as plaintiff had accepted benefits under the Pennsylvania Act. The Supreme Court of Appeals of Virginia properly rejected this contention pointing out that defendant was a "stranger" to the work of plaintiff's employer, and that there was no employer to whom plaintiff could turn to receive any benefits under the Virginia Act.

The Goode case decided by Judge Bryan is authority for the plaintiff's position now asserted. The employer and employee in Goode resided in the District of Columbia where the contract of employment was made. The employer was a sub-contractor on a job in Virginia when the employee was injured in a purely industrial accident. The employee applied for, and received, compensation under the law of the District of Columbia, but made no claim pursuant to the Virginia Act. In an action by the injured employee against the general contractor insured under the Virginia Act, Judge Bryan denied a motion for summary judgment holding that the Virginia Act did not apply. In effect, the Goode case stands for the principle that compensation statutes are not mutually nullifying and exclusive, and that either the law of the District or the law of Virginia might be embraced by the parties.

With deference to the distinguished jurist in Goode, this Court must disagree with the conclusion therein reached. In Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183, decided approximately four years after Goode, it was held that the State wherein the injury occurred was not required to give full faith and credit to the compensation acts of the home State of employment. To hold otherwise, the Court suggested, would render the State wherein the injury occurred powerless to provide any remedies or safeguards to non-resident employees working within its borders. By like reasoning it would make the State wherein the injury occurred unable to safeguard the rights of the resident employer who is required by law to protect its employees irrespective of how the accident happened. In short, as to remedies for acts occurring within its boundaries, Virginia may adopt another State's laws, or may displace the other State's common-law remedy. While the precise question has apparently never been decided in Virginia, as the compensation statutes make no reference to the status of non-residents working in Virginia at the time of the accident, it is believed that Virginia intended to grant such remedies to, and impose such restrictions and limitations upon, such non-residents to the same extent as though they were residents and employed by a Virginia employer. As plaintiff herein had a *right* to compensation as the *statutory* employee of the Shipyard, he is barred from maintaining any action at common law against his *statutory* employer, and Shipyard's motion for summary judgment must be sustained.

More recently this question has been considered in Home Indemnity Co. of N. Y. v. Poladian, 4 Cir., 270 F.2d 156. The teachings of Poladian lead to the conclusion that the law of the State of the accident controls the remedy sought in that particular forum.

Plaintiff insists that a jury question has been presented under the authority of Byrd v. Blue Ridge Rural Electric Cooperative, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953, and Magenau v. Aetna Freight Lines, Inc., 360 U.S. 273, 79 S.Ct. 1184, 3 L.Ed.2d 1224. Recognizing the binding effect of these judicial pronouncements, it does not follow that the employment status of an individual must be submitted to a jury where the facts are not in dispute. In the instant proceeding the respective motions for summary judgment are supported by compre-

hensive affidavits which are not controverted by plaintiff. In the recent case of Walker v. United States Gypsum Company, Inc., 4 Cir., 270 F.2d 857, Judge Haynsworth discussed the problem at length in a case involving the employment status of an individual found to be a statutory employee under the Virginia Act. Relying upon Walker we find nothing herein to justify jury action upon the admitted facts.

██ McLean, the independent contractor, was engaged, on the day of the accident and for several weeks prior thereto, on the premises of the Shipyard breaking out old concrete foundations and installing new foundations on which certain Ingersoll-Rand air compressors were being erected. The foundation for the particular air compressor being erected at the time of the accident was installed by McLean, and the air compressor was bolted down to its foundation when the accident occurred. Thus the foundation constructed by McLean was an integral part of the installation of the air compressor. The work being performed by both plaintiff and McLean constituted a part of the "trade, business and occupation" of the Shipyard. No jury could arrive at a contrary result under the admitted facts. In no sense may either the plaintiff or McLean be considered as "strangers to the business". As was said in Doane v. E. I. DuPont de Nemours & Co., supra (209 F.2d 921, 925):

> "As we read these decisions the decisive question is whether the claimant was injured while engaged in an operation which entered directly into and became a part of the business of the person for whom the work was being done. If a workman is so engaged, he is covered by the compensation which the owner of the business is obliged to furnish, and he has no right of action against anyone else engaged in the same operation."

To the same effect is Rea, Adm'x v. Ford, 198 Va. 712, 96 S.E.2d 92. There is nothing in Perkinson v. Thomas, 158 Va.

699, 164 S.E. 561, and Phillips v. Brinkley, 194 Va. 62, 72 S.E.2d 339, which suggests to the contrary. These latter cases relied upon by plaintiff are readily distinguishable on the facts and the points at issue.

Concluding as commanded by the authorities, an order will be entered sustaining the several motions for summary judgment filed by the defendants and dismissing the action. Under the Virginia Workmen's Compensation Act, plaintiff's sole remedy is a proceeding before the Industrial Commission of Virginia.