537 A.2d 256

**JANET'S CLEANING SERVICE et al.**

**v.**

**Anna M. ROYNON.**

**No. 71, Sept. Term, 1987.**

Court of Appeals of Maryland.

Feb. 16, 1988.

William N. White, Baltimore, for appellant.

Steven Weinberg (Isicson, Steinmetz & Weinberg, on the brief), Washington, D.C., for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and BLACKWELL, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals of Maryland (retired) Specially Assigned.

RODOWSKY, Judge.

Because of a reciprocity requirement in Maryland law we must decide a question of Virginia law in order to determine if the workers' compensation claim asserted in this case may be entertained in Maryland.

Respondent, Anna M. Roynon (Roynon), filed a claim with the Workmen's Compensation Commission of Maryland (Commission) alleging that she had been injured in May 1983 while at work for one of the petitioners, Janet's Cleaning Service, when a co-worker punched Roynon in the mouth. Janet's Cleaning contested the Commission's jurisdiction and the Commission ultimately ruled that it had none. The Circuit Court for Montgomery County affirmed the Commission but the Court of Special Appeals reversed.

*Roynon v. Janet's Cleaning Serv.*, 70 Md.App. 554, 521 A.2d 1271 (1987). We granted certiorari.

The jurisdictional defense rests on Md.Code (1957, 1985 Repl.Vol., 1987 Cum.Supp.), Art. 101, § 21 which defines the coverage of the Maryland's Workmen's Compensation Article (the Act).[1] We are specifically concerned with § 21(c)(4) which reads in relevant part:

> An employee and his employer who are not residents of this State and whose contract of hire is entered into in another state shall be exempted from the provisions of this article while such employee is temporarily or intermittently within this State doing work for such nonresident employer, [1] *if such employer has furnished workmen's compensation insurance coverage under the workmen's compensation or similar laws of such other state, so as to cover such employee's employment while in this State; provided* [2] *the extraterritorial provisions of this article are recognized in such other state and provided employers and employees who are covered in this State are likewise exempted from the application of the workmen's compensation or similar laws of such other state.* The benefits under the workmen's compensation act or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this State. [Emphasis added.]

The operative jurisdictional facts are undisputed. The claimant was a Virginia resident at the time of her injury; her employer was a Virginia resident; her contract of employment was entered into in Virginia; she performed services for Janet's Cleaning in Virginia, the District of Columbia and Maryland; Janet's Cleaning obtained workers' compensation insurance that was applicable in both

---

1. All Maryland statutory references are to Md.Code (1957, 1985 Repl. Vol., 1987 Cum.Supp.), Art. 101.

Maryland and Virginia; and Roynon was injured in the course of her employment while in Silver Spring, Maryland.[2]

Applying § 21(c)(4) to these facts Janet's Cleaning contends that Virginia has exclusive jurisdiction. Roynon on the other hand submits that the requirements of § 21(c)(4) under which Maryland would leave her to her Virginia compensation remedy are not satisfied because Virginia would allow a Maryland resident injured under comparable circumstances in Virginia to claim compensation in Virginia. In short, she argues that Virginia would not treat Maryland's compensation law as being exclusively applicable.

Section 21(c)(4) is concerned with conflict of laws. With the advent of workers' compensation statutes the conflict of laws problems that arose did not fit neatly into the historic principles governing either contract or tort. *See Hauch v. Conner,* 295 Md. 120, 126–27, 453 A.2d 1207, 1210–11 (1983); F. Stroke and D. Sears, *Reciprocal Exemption Provisions of Workmen's Compensation Acts,* 67 Yale L.J. 982 (1958). A worker's compensation conflict of laws problem is a hybrid of both, involving "the employment status, created by contract, and the occurrence of an injury...." *Id.* at 983. As a result, for conflicts purposes many courts "developed the idea that workmen's compensation cases should be placed in a [conflicts] category of their own...." *Id.*

In order to avoid the disparate resolutions which resulted from this treatment and which created sometimes overlapping and sometimes abdicating choice-of-law solutions, several states, including Maryland, enacted reciprocal exemption statutes as is § 21(c)(4). These statutes are "based on the theory that the state of injury, having the lesser interest, can afford to cede jurisdiction to the state with the dominant interest, usually the state where the contract is

---

**2.** No issue has been raised whether Roynon was "temporarily or intermittently" doing work in Maryland within the meaning of § 21(c)(4).

made or where the principal employment is located." *See id.* at 992.

For Maryland to withhold coverage on the present facts § 21(c)(4) requires, first, that Virginia have an extraterritorial provision which extends workers' compensation coverage to Roynon's Maryland accident and, secondly, that Virginia would withhold compensation coverage from a Maryland resident under similar facts, *i.e.*, a Maryland resident, employed by a Maryland business, and working under a Maryland contract of employment who is injured in Virginia. Virginia's compensation statute has an extraterritorial provision which embraces this claimant. Virginia Code Annotated, Title 65.1 (1950, 1987 Repl.Vol.), "Workers' Compensation Act" (the Virginia Act) provides in § 65.1–61:

> *Foreign injuries.*—When an accident happens while the employee is employed elsewhere than in this Commonwealth which would entitle him or his dependents to compensation if it had happened in this Commonwealth, the employee or his dependents shall be entitled to compensation, if:
>
> (1) The contract of employment was made in this Commonwealth; and
>
> (2) The employer's place of business is in this Commonwealth; ....

The first aspect of the test under Maryland Act § 21(c)(4) is not in controversy here. The dispute here is with the second aspect of that test, namely, whether Virginia would extend coverage to an analogous Maryland claimant. If so, Roynon would not be exempted by Maryland Act § 21(c)(4) with the result that her claim is within the jurisdiction of the Maryland Commission.

The determinative portion of Maryland Act § 21(c)(4) reads:

> [P]rovided the extraterritorial provisions of this article are recognized in such other state and provided employers and employees who are covered in this State are

likewise exempted from the application of the workmen's compensation or similar laws of such other state.

Although this language appears to require a recognition of Maryland's extraterritorial provisions by Virginia as well as a Virginia exemption for similarly situated Maryland employees, the Court of Special Appeals, speaking through Judge Bloom, correctly recognized that there is

> but a single condition. There would appear to be only one way that [Virginia] can afford recognition to the extraterritorial effects of [Maryland] compensation laws, and that is by exempting the citizens of [Maryland] from the requirements of the compensation laws of [Virginia]. [*Roynon v. Janet's Cleaning Serv., supra,* 70 Md.App. at 559, 521 A.2d at 1273.]

The Virginia Act does not expressly exempt nonresident employees from coverage. In the context of conflict of laws applications under the Virginia Act the question is not whether the Virginia Act generally confers coverage and then exempts certain nonresident claimants, but whether the Virginia Act extends jurisdiction to the nonresident claimant. The scope of jurisdiction under the Virginia Act is judicially determined.[3]

Appellants rely on *Solomon v. Call*, 159 Va. 625, 166 S.E. 467 (1932) and assert that it, as the only Virginia Supreme Court decision involving the issue of coverage, is controlling. *Solomon* involved a tort action brought by a Pennsylvania resident who had sustained injuries in an automobile accident in Virginia while in the scope of his employment as a salesman for a Pennsylvania employer. The plaintiff had been awarded compensation benefits under the Pennsylvania statute. Under the Virginia Act at that time the acceptance of a compensation award constituted an election which

---

**3.** We shall assume, as did the Court of Special Appeals, that the requirement of "likewise exempted" in Maryland Act § 21(c)(4) would be satisfied by a judicially recognized lack of coverage under the Virginia Act and that the requirement is not limited to an express statutory exemption. *Cf. Roynon v. Janet's Cleaning Service,* 70 Md. App. at 561–62, 521 A.2d at 1274.

barred a later recovery against a negligent third person. *Id.* at 629, 166 S.E. at 468. *Solomon* held that the tort action was not barred because the plaintiff could not claim under the Virginia Act. The court reasoned that

[t]he plaintiff's employment was under a Pennsylvania contract, with a Pennsylvania employer and embraced within the terms of the workman's compensation act of that State. *His contract of employment was entirely foreign to the State of Virginia and clearly outside of the Virginia workman's compensation act.*

The plaintiff could not have successfully maintained any claim for compensation under the Virginia workman's compensation act because he was not embraced therein and not being within the Virginia act and not having accepted an award *thereunder,* he is not prohibited by the act nor by common law from maintaining his action for the injuries received against the negligent third person or persons responsible for them. He could not have obtained any of the benefits of the Virginia act and he is not required to suffer and bear the prohibitions of it. [*Id.* at 630, 166 S.E. at 468–69 (emphasis added).]

We read *Solomon* to stand for the proposition that Virginia will not extend jurisdiction to a claim involving a foreign contract of employment with a nonresident employee where there is no evidence that the employment contract in any way accepted the provisions of the Virginia Act. In *Solomon* the employer maintained no place of business in Virginia and had not registered with the Virginia agency administering workers' compensation. Nor was there evidence that the employment contract contemplated performance in Virginia.

This interpretation is supported by two federal decisions applying defenses conferred by the Virginia Act to third party actions brought by nonresidents of Virginia. *McCann v. Newport News Shipbuilding and Dry Dock Co.,* 177 F.Supp., 909 (E.D.Va.1959) was a suit by a nonresident of Virginia who was injured in Virginia while under the employ of a New Jersey corporation which was acting

as a subcontractor for the defendant, a Virginia company on whose premises the injury occurred. Although the plaintiff had claimed compensation only under the New Jersey statute against his direct employer, the defendant successfully raised a statutory employer defense based on the Virginia Act. With respect to whether the Virginia Act applied to nonresidents the court concluded:

> While the precise question has apparently never been decided in Virginia, as the compensation statutes make no reference to the status of non-residents working in Virginia at the time of the accident, it is believed that *Virginia intended to grant such remedies to, and impose such restrictions and limitations upon, such non-residents to the same extent as though they were residents and employed by a Virginia employer.* [*Id.* at 913 (emphasis added).]

In the court's view *Solomon* did not control because in *Solomon* there "was no employer to whom plaintiff could turn to receive any benefits under the Virginia Act." *Id.* at 913. In *McCann* the statutory employer was, of course, present in Virginia.

The second federal decision, *Wilson v. Fraser*, 353 F.Supp. 1 (D.Md.1973), was a wrongful death action arising out of a single car collision in which the driver and passenger were both employed by Sears, Roebuck and Company in Maryland. Both were Maryland residents. The accident occurred while they were temporarily in Virginia in the course of their employment. The Virginia Act bars a tort action against a fellow employee. The court applied that Virginia compensation law defense saying that "such an application would be in keeping with the remedial nature of workmen's compensation laws and the general liberality which attends their construction." *Id.* at 5. The *Wilson* court considered *Solomon* inapplicable because the "employer appear[ed] only to have been located in Pennsylvania and no qualification with the Virginia Industrial Commission appears to have been made by the employer." *Id.* at 6.

Sears, the employer in *Wilson*, did business in Virginia and, indeed, in all other states.

When analyzing these cases in the context of the reciprocity requirements of § 21(c)(4) of the Maryland Act we must evaluate the extension of Virginia jurisdiction to a hypothetical Maryland employer whose relationship to Maryland is the same as that of Janet's Cleaning to Virginia and whose relationship to Virginia is the same as that of Janet's Cleaning to Maryland. Thus we evaluate a Maryland domiciled employer, a Maryland domiciled employee, a contract of employment made in Maryland and an accident occurring in Virginia. The factors in the instant matter which distinguish this case from *Solomon* are that the comparable Maryland employer would regularly do business in Virginia and would have arranged for workers' compensation insurance in Virginia. *McCann* and *Wilson*, because they concern an employer doing business in Virginia and because a worker's compensation remedy was available to the employees, are more applicable to the issue at bar. Applying these cases we hold that Virginia would extend coverage to our hypothetical Maryland employee.

This conclusion with respect to Virginia law may be further demonstrated by reference to Indiana law which is peculiarly important to interpretations of the Virginia Act. "The Virginia Workmen's Compensation Act is based upon the Indiana statute, so that the construction placed upon the Indiana law by the courts of that state merits our consideration." *Barksdale v. H.O. Engen, Inc.*, 218 Va. 496, 499, 237 S.E.2d 794, 796 (1977).[4] "The Virginia Workmen's Compensation Act, adopted in 1918, is practically a copy of the

---

4. Most of the Indiana cases cited herein refer to the Indiana Act of 1929 which recodified the 1915 Indiana statute that is the basis of the Virginia Act. Relevant provisions of the 1915 Indiana Act were not significantly altered in the 1929 revision. *See* 1915 Ind.Acts ch. 106, §§ 9, 20, 76; 1929 Ind.Acts. ch. 172, §§ 9, 20; *Calkins v. Service Spring Co.*, 103 Ind.App. 257, 264, 7 N.E.2d 54, 57 (1937). Also, the relevant provisions of the Virginia Act have remained significantly unchanged to the present time. *See* 1918 Va. Acts, ch. 400, §§ 15, 37.

Indiana Act. The judicial construction placed upon that Act in that State will be considered to have been adopted in this State." *Board of Supervisors of Amherst County v. Boaz,* 176 Va. 126, 131, 10 S.E.2d 498, 500 (1940). *See also Cohen v. Cohen's Dep't Store, Inc.,* 171 Va. 106, 110, 198 S.E. 476, 477 (1938) ("The holding of the Indiana court is peculiarly applicable here...."); *Hoffer Brothers, Inc. v. Smith,* 148 Va. 220, 227, 138 S.E. 474, 476 (1927) ("The Virginia act being, practically speaking, a copy of the Indiana act, the judicial construction placed upon the latter act in that State will be considered to have been adopted along with the act in this State.").

Indiana imposes two requirements for the extension of coverage in compensation cases involving nonresident claimants. First, the contract of employment must contemplate at least partial performance in Indiana. *See* Comment, *Conflict of Laws and the Indiana Workmen's Compensation Act,* 24 Ind.L.J. 232, 233; *see also Elkhart Sawmill Co. v. Skinner,* 111 Ind.App. 695, 699, 42 N.E.2d 412, 414 (1942) ("a contract made in one state in contemplation of performance in another is subject to the law of the state in which it is to be performed."); *Fisher v. Mossman–Yarnelle Co.,* 105 Ind.App. 22, 13 N.E.2d 343 (1938); *Calkins v. Service Spring Co.,* 103 Ind.App. 257, 7 N.E.2d 54 (1937); *Johns–Manville, Inc. v. Thrane,* 80 Ind.App. 432, 141 N.E. 229 (1923).

In the case before us it is undisputed that the contract between Roynon and Janet's Cleaning contemplated performance in Maryland, the District of Columbia and Virginia. In fact, the company's records show that the claimant actually worked in both Virginia and Maryland.

Second, the employer must be "localized" in Indiana. *See Finkel v. Onli–Wa Fixture Co.,* 121 Ind.App. 622, 101 N.E.2d 719 (1951); *Finkley v. Eugene Saenger Tailoring Shop,* 100 Ind.App. 549, 196 N.E. 536 (1935); *Smith v. Menzies Shoe Co.,* 98 Ind.App. 132, 188 N.E. 592 (1934); *Norman v. Hartman Furniture & Carpet Co.,* 84 Ind.App. 173, 150 N.E. 416 (1926); *Darsch v. Thearle Duffield Fire*

*Works Display Co.*, 77 Ind.App. 357, 133 N.E. 525 (1922). While "localization" has not been expressly defined, at least one commentator concludes that the purpose of the requirement is to ensure "that a foreign employer ... not be presumed to have accepted the act's provisions." *Conflict of Laws and the Indiana Workmen's Compensation Act, supra,* 24 Ind.L.J. at 236 (footnote omitted). This conclusion is supported by the language of *Darsch:*

> The State of Indiana cannot regulate the conduct of citizens of foreign states. Its laws are of binding force and effect only upon persons within this state, and the language of said section as to employers and employees who shall be *deemed to have accepted its provisions....* [*Darsch v. Thearle Duffield Fire Works Display Co.*, 77 Ind.App. at 360, 133 N.E. at 526 (emphasis added).]

Applying this reasoning, the court in *Smith v. Menzies Shoe Co., supra,* determined that an employer may accept application of the Act by "tak[ing] any steps to voluntarily bring itself under the provisions of [the Indiana] Workmen's Compensation Act." 98 Ind.App. at 134, 188 N.E. at 593. *See also Johns–Manville, Inc. v. Thrane, supra,* 80 Ind.App. at 435, 141 N.E. at 231. Maintaining a place of business in Indiana, *see id.,* and registering to do business in that state, *see Smith v. Menzies Shoe Co., supra,* 98 Ind.App. at 134, 188 N.E. at 593, also may constitute a voluntary acceptance of Indiana jurisdiction.

*Smith v. Menzies Shoe Co., supra,* 98 Ind.App. at 132, 188 N.E. at 593 dispels any doubt that an analogous Maryland employer would be considered "localized" in Virginia under the Indiana–Virginia concept because Janet's Cleaning, as would our hypothetical employer, voluntarily took steps to bring itself within the coverage of the foreign jurisdiction's Act. Therefore, since there is no reciprocal Virginia exemption as required by the second extraterritorial provision of § 21(c)(4) of the Maryland Act, that Act's exemption provision does not apply and Roynon's claim is within the jurisdiction of the Maryland Commission.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE PETITIONERS, JANET'S CLEANING SERVICE, EMPLOYER, AND THE HARFORD MUTUAL INSURANCE COMPANY, INSURER.